UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -v.-

CAMILO ENRIQUEZ-NUNEZ,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FINAL ORDER OF FORFEITURE**

S4 21 Cr. 661 (PAE)

WHEREAS, on or about February 13, 2023, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (D.E. 91) (the "Preliminary Order of Forfeiture"), which ordered the forfeiture to the United States of all right, title and interest of CAMILO ENRIQUEZ-NUNEZ (the "Defendant") in the following property:

a) $749,900.00 in U.S. Currency seized on or about July 18, 2022 from a house located on Garden Calle, Bayamon, Puerto Rico;

b) $15,000.00 in U.S. Currency seized on or about July 18, 2022 from the defendant's residence located on Garden Calle, Bayamon, Puerto Rico;

c) a 2018 Toyota 4Runner with vehicle identification number ending in 6319 seized on or about July 18, 2022 from a house located on Garden Calle, Bayamon, Puerto Rico;

d) A 2021 Can-Am Maverick Turbo with VIN ending in 6024 seized on or about July 19, 2022 from the Defendant's residence located in Bayamon, Puerto Rico; and

e) Three watches seized on or about July 18, 2022 from the defendant's residence located in Bayamon, Puerto Rico, specifically, one Gents 18k rose gold, titanium and rubber "Hublot" watch, model Bang Bang Chronograph 44mm, Ser No: 664581; one Gents titanium and rubber Hublot watch, Big Bang E digital 42mm, Ser No: HB4401; and one Gents Casio G-Shock watch with after market CasiOak model Kit

(a. through e., collectively, the "Specific Property");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3).  The Preliminary Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on February 15, 2023, for thirty (30) consecutive days, through March 16, 2023, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on May 18, 2023 (D.E. 100);

WHEREAS, on or about February 14, 2023, notice of the Preliminary Order of Forfeiture was sent by certified mail to:

Yajaira Fuentes Valentin
Guaynabo, PR
(the "Noticed Party");

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been filed;

WHEREAS, the Defendant and the Noticed Party are the only people and/or entities known by the government to have a potential interest the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

3.      The United States Marshals Service (or its designee) shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated:  New York, New York
          May 18       , 2023

SO ORDERED:

*Paul A. Engelmayer*
HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

The Clerk of Court is requested to terminate the motion at Dkt. No. 101.